**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| THE COUNTY OF RAMSEY and THE COUNTY OF HENNEPIN, on behalf of themselves and all other Minnesota counties,<br><br>             Plaintiffs,<br><br>v.<br><br>MERSCORP HOLDINGS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., CITIGROUP INC., CITIBANK, N.A., CITIMORTGAGE, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, EVERBANK, GOLDMAN SACHS MORTGAGE COMPANY, GS MORTGAGE SECURITIES CORP., HSBC BANK U.S.A., N.A., JP MORGAN CHASE BANK, N.A., MORGAN STANLEY ABS CAPITAL I, INC., SUNTRUST MORTGAGE, INC., TCF NATIONAL BANK, THE BANK OF NEW YORK MELLON, UNITED GUARANTY CORPORATION, U.S. BANK N.A., WELLS FARGO BANK, N.A., and DOE CORPORATIONS I – MMM,<br><br>             Defendants. | Civil No. _____<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc.,

JPMorgan Chase Bank, N.A., SunTrust Mortgage, Inc., and U.S. Bank, N.A.

78813750.1

(collectively, "Removing Defendants") hereby remove the above-captioned action from the District Court of the State of Minnesota for the Second Judicial District, Ramsey County, to the United States District Court for the District of Minnesota.  Removal to this Court is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  In support of this Notice of Removal, the Removing Defendants state as follows:

**THE STATE COURT ACTION**

1.      On or about February 15, 2013, an action was filed by County of Ramsey and County of Hennepin (the "Counties," or "Plaintiffs"), on behalf of a putative class of all Minnesota counties, in the District Court of the State of Minnesota for the Second Judicial District, Ramsey County, Case No. 62-CV-13-1047 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" received by Removing Defendants are attached as **Exhibit 1**.

2.      The allegations in the Complaint involve Mortgage Electronic Registration Systems, Inc. ("MERS"), which serves as the mortgagee as nominee for a lender (and the lender's successors and assigns) on a security instrument either at the time a mortgage loan is originated, or after a security instrument is assigned to it. Complaint ¶¶ 1-6; 46-67.  The Counties allege that "MERS maintains a private computer system that allows its users to, among other things, register and track changes in ownership interests in mortgages." *Id.* ¶ 52.  They further allege that "MERS Members contend that, as long as mortgage ownership interests are assigned to other MERS Members, they are not required to record each mortgage assignment in county recorders' offices because MERS

acts on behalf of both the assignor and assignee (representing both MERS Members

simultaneously)." *Id.* ¶ 60.

3.     The Counties believe that "[a] written document in the form of a land

instrument is used to evidence each transaction in which an interest in the real property is

assigned" and that under Minnesota law, "[l]and instruments, such as mortgages and

mortgage assignments, must be recorded in the proper county recording office." *Id.* ¶¶

34-35.  "MERS cannot be a 'beneficiary,' because a 'beneficiary' is the party that owns

the note, namely the lender or its successor." *Id.* ¶ 42.  The Counties further allege that

"Defendants violated Minnesota law by failing to record each mortgage assignment in the

proper Minnesota county land records," and that these alleged violations "not only

deprived Minnesota counties of statutory recording fees, but created 'gaps' in the

property's chain of title making it difficult if not impossible to determine the financial

institution that actually held the interest in the mortgage loan." *Id.* ¶ 67.

4.     The Counties further allege that "MERS Members also have routinely

failed to register assignments on MERS's private system" and "often only record a

mortgage assignment (regardless of how many times the mortgage had been assigned

prior) in county recorders' offices when they are attempting to assign the mortgage from

MERS." *Id.* ¶¶ 62-63.  They allege that "the typical life of a securitized mortgage entails

at least three assignments." *Id.* ¶ 67.

5.     The Counties filed the State Court Action as a putative class action on

behalf of all 87 Minnesota counties. *Id.* ¶¶ 184-91.  They assert claims for violations

Minn. Stat. § 507.34, unjust enrichment, and public nuisance. *Id.* ¶¶ 192-201.  For relief,

the Counties request, among other things, a judicial declaration requiring Defendants to record "[e]very mortgage and mortgage assignment on real property located in Minnesota" and enjoining any future "non-recordation," as well as "restitution and disgorgement of Defendants' profits, benefits, and other compensation Defendants obtained by their wrongful and improper conduct" and unspecified "damages." *Id.* at 68-69 ("Prayer for Relief").

## **DIVERSITY OF CITIZENSHIP**

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (diversity).  Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.      Amount in Controversy.  The amount in controversy for removal jurisdiction is determined at the time of removal.  *Laughlin James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005).  "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are."  *Bell v. Hershey Co.*, 557 F.3d 953, 958-59 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original).

18.      The amount in controversy exceeds 28 U.S.C. § 1332(b)'s requirement of $75,000, exclusive of interest and costs.

19.      Based on the Complaint's claims and request for relief, the amount in controversy requirement is met:

a.      The Counties allege that "over 65 million mortgages have been registered on MERS's system" and that there are currently "roughly 31 million active residential loans on the MERS system."  Complaint ¶ 52.  Using the more conservative of the Counties' own numbers, there are roughly 167,400 active MERS loans in the named Counties alone.[1]

b.      The Counties further allege that they are owed "approximately $46.00 per mortgage and assignment" and that "the typical life of a securitized mortgage entails *three or more assignments* – all of which are statutorily required to be recorded" under their theory.  In the examples given, the Counties assert that of these alleged assignments, typically one was recorded.  Complaint ¶¶ 75, 81, 87, 93, 99, 105, 111, 117, 123, 129, 135, 141, 147, 153,

c.      By the Counties' own calculations, therefore, they seek a minimum of forty-six dollars times two unrecorded assignments for each of roughly 167,400 active MERS-registered loans in the Counties, totaling $15,400,800 in alleged damages.  Although Defendants deny they are liable to the Counties at all, given the allegations of the Complaint and their request for relief, the Counties' claims place in controversy well over the jurisdictional requirement of $75,000, exclusive of interest and costs.

---

[1]As of 2011, Ramsey County's population of 514,696 and Hennepin County's population of 1,168,431, (http://quickfacts.census.gov/qfd/states/27/27123.html; http://quickfacts.census. gov/qfd/states/27/27053.html) combine to constitute 0.54% of the United States population of 311,587,816 (http://quickfacts.census.gov/qfd/states/00000.html).  Applying this percentage to the Counties' estimate of 31 million active MERS mortgages nationwide, there are approximately 167,400 MERS mortgages for property located in the Counties.

7.     <u>Citizenship of Parties</u>.  The parties are of completely diverse citizenships.

8.     Each of the Counties "is a body politic and corporate with the authority to sue and be sued" in the state of Minnesota.  Complaint ¶¶ 9-10; *see also* Minn. Stat. § 373.01(a).  Accordingly, the Counties are citizens of the state of Minnesota for diversity purposes. *Moor v. County of Alameda*, 411 U.S. 693, 719-21 (1973) (county that "is designated a 'body corporate and politic'" and "may sue and be sued" in this capacity is designated a citizen of its state for diversity purposes).

9.     Defendant MERS is a Delaware corporation with its principal place of business in Reston, Virginia.  It is therefore a citizen of Delaware and Virginia for diversity purposes.  28 U.S.C. § 1332(c)(1).

10.    Defendant MERSCORP is a Delaware corporation with its principal place of business in Reston, Virginia.  It is therefore a citizen of Delaware and Virginia for diversity purposes.

11.    Defendant Bank of America Corporation ("BAC") is a Delaware corporation with its principal place of business in North Carolina.  It is therefore a citizen of North Carolina and Virginia for diversity purposes.

12.    Defendant Bank of America, N.A. ("BANA"), is a national banking association with its main office, as designated in its articles of association, in Charlotte North Carolina, and is therefore a citizen of North Carolina for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national banking association is a citizen of the state designated in its articles of association as its main office).

13.     Defendant Citigroup, Inc. ("Citigroup"), is a Delaware corporation with its principal place of business in New York.  It is therefore a citizen of Delaware and New York for diversity purposes.

14.     Defendant Citibank, N.A. ("Citibank") is a national banking association with its head office, as designated in its articles of association, in Sioux Falls, South Dakota and is therefore a citizen of South Dakota for purposes of diversity jurisdiction.

15.     Defendant CitiMortgage, Inc. ("CitiMortgage") is a New York corporation with its principal place of business in Missouri.  It is therefore a citizen of New York and Missouri for diversity purposes.

16.     Defendant Deutsche Bank National Trust Company ("DBNTC") is a national bank organized to carry on the business of a limited purpose trust company with its main office, as designated in its articles of association, California.  It is therefore a citizen of California for purposes of diversity jurisdiction.

17.     Defendant EverBank is Delaware corporation with its principal place of business in Florida.  It is therefore a citizen of Delaware and Florida for diversity purposes.

18.     Defendant Goldman Sachs Mortgage Company ("Goldman Sachs Mortgage") is a New York limited partnership with its principal place of business in New York. None of the partners of Goldman Sachs Mortgage are incorporated in, have a principal place of business in, or are domiciled in the State of Minnesota. Goldman Sachs Mortgage is therefore not a citizen of Minnesota for diversity purposes.

19.     Defendant GS Mortgage Securities Corp. ("GS Mortgage") is a Delaware corporation with its principal place of business in New York. GS Mortgage is therefore not a citizen of Minnesota for diversity purposes.

20.     Defendant HSBC Bank, U.S.A., N.A. ("HSBC") is a national banking association with its main office, as designated in its articles of association, in McLean, Virginia.  It is therefore a citizen of Virginia for purposes of diversity jurisdiction.

21.     Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with its main office, as set forth in its articles of association, in Columbus, Ohio.  It is, therefore, a citizen of Ohio for purposes of diversity jurisdiction.

22.     Defendant Morgan Stanley ABS Capital I, Inc. ("Morgan Stanley") is a Delaware corporation with its principal place of business in New York.  It is therefore a citizen of Delaware and New York for diversity purposes.

23.     Defendant SunTrust Mortgage, Inc. ("SunTrust") is a Virginia corporation with its principal place of business in Virginia.  It is therefore a citizen of Virginia for diversity purposes.

24.     Although the Complaint alleges that Defendant TCF National Bank ("TCF") is federal savings association and a resident of Minnesota, TCF is in fact a national banking association with its main office, as set forth in its articles of association, in Sioux Falls, South Dakota.  *See* Office of Comptroller of Currency, *National Bank List* at 17, available at http://www.occ.treas.gov/topics/licensing/national-bank-list-national-by-name-v2.pdf; Memorandum Opinion and Order, *Williams v. TCF National Bank*, No. 12 C 05115 (N.D. Ill. Feb. 26, 2013), slip op. at 1 n.1 ("TCF is a citizen of South

Dakota"). TCF is therefore a citizen of South Dakota for purposes of diversity jurisdiction.

25.     Defendant The Bank of New York Mellon ("Bank of New York") is a New York corporation with its principal place of business in New York. It is therefore a citizen of New York for diversity purposes.

26.     Defendant United Guaranty Corporation ("United Guaranty") is a North Carolina corporation with its principal place of business in North Carolina. It is therefore a citizen of North Carolina for diversity purposes.

27.     Defendant U.S. Bank N.A. ("U.S. Bank") is a national banking association with its main office, as set forth in its articles of association, in Cincinnati, Ohio. It is therefore a citizen of Ohio for purposes of diversity jurisdiction.

28.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its main office, as set forth in its articles of association, in Sioux Falls, South Dakota. It is therefore a citizen of South Dakota for purposes of diversity jurisdiction.

29.     For the purposes of removal, the citizenship of the fictitious "Doe" defendants is disregarded. 28 U.S.C. § 1441(b)(1).

30.     Complete diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). As required by 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."

## PROCEDURAL REQUIREMENTS

31.     Removal to Proper Court.  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Minnesota, which is the federal district court embracing the court where the State Court Action was filed.

32.     Removal is Timely.  None of the Removing Defendants has been served, and thus removal is timely.  28 U.S.C. § 1446(b)(2)(B); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Marano Enterprises v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001).

33.     Pleadings and Process.  Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit 1**, in compliance with 28 U.S.C. § 1446(a).  Removing Defendants paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

34.     Notice.  A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the state court in which the action is pending and served promptly on plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(a), (d) (attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits).

35.     Consent to Removal.  Defendants BAC, BANA, Citigroup, Citibank, CitiMortgage, DBNTC, Goldman Sachs Mortgage, GS Mortgage, TCF, and Wells Fargo have provided the Removing Defendants with their consent to removal.  Consent to removal is not required by the other non-removing defendants because, on information and belief, none of them has been served.  *See* 28 U.S.C. 1446(b)(2)(A) (requiring only

that "all defendants *who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.").

36.     <u>Signature</u>.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for Removing Defendants.

37.     No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

38.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## **REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE**

39.     In the event that the Counties seek to remand this case, or the Court considers remand *sua sponte*, Removing Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, the Removing Defendants remove this action to the United States District Court for the District of Minnesota.


Dated:  February 27, 2013                                Respectfully submitted,

                                                         By:

_s/ Robert J. Pratte_ _____

Robert J. Pratte (#8802X)
Brent R. Lindahl (#0286862)
FULBRIGHT & JAWORSKI L.L.P.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2112
T: (612) 321-2800
T: (612) 321-2288
rpratte@fulbright.com
blindahl@fulbright.com

_Counsel for Defendants MERSCORP
Holdings, Inc., Mortgage Electronic
Registration Systems, Inc., and SunTrust
Mortgage, Inc._

_s/_Robert M. Brochin_____

Robert M. Brochin
   (_pro hac vice_ to be applied for)
MORGAN, LEWIS & BOCKIUS LLP
5300 Southeast Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131-2339
T: 305-415-3456
F: 305-415-3001
rbrochin@morganlewis.com

_Counsel for Defendants MERSCORP
Holdings, Inc. and Mortgage Electronic
Registration Systems, Inc._

_s/ Peter W. Carter_ _____

Peter W. Carter (#0227985)
Eric R. Sherman (#0331430)
DORSEY & WHITNEY, LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
T:  (612) 340-2600
F:  (612) 340-2868
carter.peter@dorsey.com
sherman.eric@dorsey.com

_Counsel for Defendant U.S. Bank N.A._

_s/_Todd Noteboom_____

Todd Noteboom (#240047)
LEONARD, STREET AND DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
T: 612.335.1894
todd.noteboom@leonard.com

_Counsel for Defendant JPMorgan Chase
Bank, N.A._

78813750.1

12